912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Shawn ST. CLAIR, a/k/a Diamond Page, Defendant-Appellee.
 No. 90-3101.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 On August 3, 1989, defendant, Shawn St. Clair, entered a guilty plea to Count I of a superseding indictment which charged a conspiracy to distribute cocaine, 21 U.S.C. Sec. 841(a)(1). Prior to pleading guilty, St. Clair had filed, on July 31, 1989, a motion to dismiss the indictment because of an alleged failure to bring the defendant to trial within 70 days, as is required by the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq. The district judge denied the motion, and subsequent to the plea, which apparently was a conditional one, the defendant filed this appeal.
 
 
 2
 Upon a review of the record, including the district court docket entries, it appears clear that no violation of the Speedy Trial Act occurred, and we affirm the district court.
 
 I.
 
 3
 Little need be said about this case because the issue raised on appeal is totally without merit. St. Clair was originally indicted on May 17, 1989. On June 8, 1989, a superseding indictment was filed against St. Clair and several other codefendants. Subsequent to the arraignment on the superseding indictment, which took place on June 26, 1989, a trial date was set for August 7, 1989.[1] On July 31, 1989, St. Clair filed a motion to dismiss, alleging that he had not been brought to trial within 70 days of indictment, resulting in a Speedy Act violation. The only argument made in support of this motion was to anticipate erroneously that the government would argue that the 70-day clock runs from the date of the superseding indictment, not the date of the original indictment. There was no mention of excludable time whatsoever, which, of course, would extend the 70-day period.[2]
 
 
 4
 On Appeal, defendant repeats his "superseding indictment" argument and also suggests that there is no excludable time generated by the filing of motions in the trial court unless such motions require a hearing. In support of this novel proposition, defendant cites Henderson v. United States, 476 U.S. 321 (1986). Defendant completely misreads Henderson as well as 18 U.S.C. Sec. 3161(h)(1)(F). The Court made it clear in Henderson that excludable time was generated by motions being filed, whether such motions required a hearing or not:
 
 
 5
 Subsection (F), written in the disjunctive, excludes time in two situations. The first arises when a pretrial motion requires a hearing: subsection (F) on its face excludes the entire period between the filing of the motion and the conclusion of the hearing. The second situation concerns motions that require no hearing and that result in a "prompt disposition." There, the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." S.Rep. No. 96-212, at 34. The "point at which time will cease to be excluded" is identified by subsection (J), which permits an exclusion of 30 days from the time a motion is actually "under advisement" by the court. Without the promptness requirement in subsection (F), a court could exclude time beyond subsection (J)'s 30-day "under advisement" provision simply by designating the additional period as time "from the filing of the motion" through its "disposition" under subsection (F). As the Senate Committee on the Judiciary explained:
 
 
 6
 "In using the words 'prompt disposition', the committee intends to make it clear that, in excluding time between filing and disposition on the papers, the Committee does not intend to permit circumvention of the 30-days, 'under advisement' provision contained in Subsection (h)(1)(J). Indeed, if motions are so simple or routine that they do not require a hearing, necessary advisement time should be considerably less than 30 days." Ibid.
 
 
 7
 Henderson, 476 U.S. 329.
 
 
 8
 There were several pretrial motions filed, all of which generated excludable time.[3] It is unnecessary to detail these motions and the periods of excludable time generated because it is clear that only 30 or fewer days of countable time actually elapsed. This does not even take into account the excludable time resulting from motions filed by St. Clair's codefendant. 18 U.S.C. Sec. 3161(h)(7).
 
 
 9
 We need not address defendant's contention that the time starts to run from the original indictment and not the date of the superseding indictment, since the government does not argue to the contrary; however, the government does not concede this point either. In any event, all computations involving excludable time were made, as defendant urges, from the date of the original indictment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Leon Jordan, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Prior to the arraignment on the superseding indictment, a trial date of July 31, 1989, had been set
 
 
 [2]
 18 U.S.C. Sec. 3161(h)(1)(F) reads:
 (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
 (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
 * * *
 (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.
 
 
 [3]
 Excludable time was also generated by the pretrial detention hearing, arraignment, and the time period between withdrawal of the original counsel and the appointment of new counsel